UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BJC CREWBOATS, LLC | CIVIL ACTION NO.:   21-00860 |
| VERSUS | SECTION:   J |
| CREOLE OPERATING, LLC | JUDGE CARL BARBIER |
| | MAG. JUDGE DONNA CURRAULT |

## OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Now into Court, through undersigned counsel comes, Creole Operating, LLC who respectfully opposes BJC Crewboats, L.L.C.'s for the following reasons:

### Factual Background

Creole Operating, LLC ("COL") and BJC Crewboats, L.L.C. ("BJC") entered into two separate contracts: (1) a Master Service Agreement ("MSA") through an Addendum signed on November 25, 2020 (R. 11-4.); and (2) an On-Hire Agreement (R. 11-3) (collectively "Agreements"). These Agreements cover various topics including rate, indemnity, and choice of law; however, they are silent on the time for payment. (*See* R. 11-3 and R. 11-4) During negotiations of the Agreements, Wiley Conn informed Beau Cheramie that hire would be paid out of the proceeds of the oil leases owned by COL. (Ex. A, Affidavit of Wiley Conn). Additionally, the Agreements were for an indefinite period calling into question the duration of the performance by BJC. (Ex. A, Affidavit of Wiley Conn and R. 11-4). The performance of BJC started on November 30, 2020, and continued for a period of approximately four months through March 30, 2021, when Beau Cheramie held the vessel at dock and was no longer on stand-by in accordance

with the Agreements. (Ex. A, Affidavit of Wiley Conn) On April 9, 2021, the M/V Miss Brenda returned to port, and Creole Operating, LLC was invoiced. (R. 11-8).

## Law and Analysis

BJC's Motion for Summary Judgment against COL is premature because COL has had no time to conduct any form of discovery nor participate in a Scheduling Conference with the court. COL has meritorious defenses to BJC's Motion that includes: (1) the written MSA was amended and did not include a time for payment which the law prescribes as a reasonable time under the circumstances (2) BJC and COL agreed that payments would be received from the sale of oil from the leases owned by COL; and (3) payment was suspended due to a force majeure. The Federal Rules provide, "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). The policy reason behind why Rule 56(d) exists is summed up perfectly by the U.S Supreme Court's Celotex decision: "In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, **after adequate time for discovery** …" *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (emphasis added).

Fed. R. Civ. P. 56 establishes the standard to support granting a Motion for Summary Judgment. A Court can only grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. BJC fails to show there are no genuine issues of material facts.

The MSA does not provide a time when invoices should be paid. The agreement facially shows that a specified time to pay is absent from paragraph 8.1. In a hand written note added by

Beau Cheramie on behalf of BJC wrote, "This section should say how many days till payment from invoice date BJC." (*See* R. 11-4, para. 8.1). Because the MSA does not specify a time, the law provides for a reasonable time under the facts and circumstances.  Additionally, the On-Hire agreement does not remedy the deficiency in the MSA. The On-Hire Agreement merely sets a "30 Day term on Invoices. Late fees will apply to past due invoices," which does not distinguish the billing period, or payment schedule. (R. 11-3.). The facts and circumstances, as well as what a reasonable time is must be determined by the fact finder. The question of what constitutes a reasonable time for performance is one of fact. *Robert Hale, III v. M.J.J.K, LLC*, CIV.A. 12-1515, 2013 WL 6835987, at *4 (E.D. La. Dec. 23, 2013). The fact that BJC cannot prove interest calculations on the amounts allegedly owed is material. (*See* Ex. B, Affidavit of Cameron Robichaux).

Because there was no term set for the payment of the Invoices, a jury must determine what the intent of the parties was in establishing a payment schedule. "Summary Judgment is seldom appropriate where there is a question as to what was intended by certain provisions of a contract." *Kennedy Marr Offshore Singapore Pte Ltd. v. Techcrane Int'l Inc.*, CIV.A. 12-1985, 2013 WL 3283343, p. 5 (E.D. La. June 27, 2013). In discussing the General Maritime Law of contracts, the United States Fifth Circuit held, "determination of intent is a question of fact for the district court. *Richard v. Anadarko Petroleum Corp.*, 850 F.3d 701, 707 (5th Cir.2017). Wiley Conn and Beau Cheramie discussed that the payment of BJC would be made out of the profits of oil exploration prior to entering into the On-Hire Agreement like all of the other contractors. (Ex. A, Affidavit of Wiley Conn). Because neither the On-Hire Agreement nor the MSA specify a term for payment, a jury must determine when the payments were due. This agreement is consistent with the reasonable time to pay and becomes a question of fact whether this was the adopted payment schedule. Facts

which may be pertinent to the determination of the reasonable time to pay may include but not limited to the pandemic and the consequences associated with the virus, and the government's response thereto (including any and all orders, restrictions, recommendations and guidelines), abnormal freezing and extreme winter weather, and pipeline holes caused COL to not profit from the oil leases owned by COL. (Ex. A, Affidavit of Wiley Conn).

Further, Invoice 1539 is for a disputed amount. BJC decided to hold the M/V Miss Brenda at the dock beginning on April 1, 2021. (Ex. A, Affidavit of Wiley Conn). The amount BJC alleges is due while the vessel was held at dock cannot be owed because COL no longer directed the vessel. A time charter only entitles the charterer to the use of the vessel for a specified time. The vessel owner retains primary possession and control. *Forrester v. Ocean Marine Indem. Co.*, 11 F.3d 1213, 1215 (5th Cir.1993). COL no longer controlled the vessel or directed the vessel in accordance with the MSA, and the vessel was no longer on "Stand-by" for the purposes of the Agreements. Additionally, the MSA does not define the term of the contract and does not include charges for the vessel's return.

## Conclusion

The court should deny BJC Crewboats, L.L.C.'s Motion for Summary Judgment as premature under FRCP 56(d) and further should deny the Motion for Summary Judgment based on the genuine issues of fact shown by Creole Operating, L.L.C.

**[SIGNATURE ON FOLLOWING PAGE]**

Respectfully submitted:


   */s/ Cameron D. Robichaux*
CRAIG J. ROBICHAUX, TA      (#17119)
RYAN G. DAVIS             (#29138)
CAMERON D. ROBICHAUX    (#39316)
**TALLEY, ANTHONY, HUGHES & KNIGHT, LLC**
2250 7th Street
Mandeville, Louisiana 70471
(985) 624-5010
Fax (985) 624-5306

**ATTORNEYS FOR CREOLE OPERATING, LLC**


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 3rd day of August, 2021, a copy of the foregoing was electronically filed  with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service.


   */s/ Cameron D. Robichaux*
    CAMERON D. ROBICHAUX