UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BJC CREWBOATS, LLC | CIVIL ACTION |
| VERSUS | NO: 21-860 |
| CREOLE OPERATING, LLC | SECTION: "J" (2) |

## ORDER & REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 11)** filed by Plaintiff, BJC Crewboat, LLC; an opposition filed thereto by Defendant, Creole Operating, LLC (Rec. Doc. 13); and a reply by Plaintiff. (Rec. Doc. 17). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff, BJC Crewboat, LLC, operates crew boats that service the oil and gas industry in the Gulf of Mexico. In August 2019, Plaintiff entered into a Master Service Agreement ("MSA") with Oil & Gas Operators, LLC, which was executed by Wiley Conn. (Rec. Doc. 11-4). In November 2020, Wiley Conn executed an assignment of the MSA from Oil & Gas Operators, LLC to Defendant, Creole Operating, LLC. (Rec. Doc. 13-3 at p. 1). In addition, Wiley Conn executed an On-Hire Agreement on behalf of Defendant. (Rec. Doc. 11-3).

Pursuant to these agreements, M/V MISS BRENDA was under time charter to Defendant for approximately 4½ months. The charter commenced on November 30, 2020. On December 31, 2020, Plaintiff invoiced Defendant for the December charter

1

hire, which Defendant paid. However, Defendant has not paid the subsequent invoices issued by Plaintiff.

In response to Defendant's failure to pay, Plaintiff filed suit, seeking the principal amount of the charter hire, contractual pre-judgment interest on that amount, as well as costs and attorney's fees incurred in connection with the filing of the suit. Subsequently, Plaintiff filed the instant motion for summary judgment, arguing that there is no genuine issue of material fact, and thus, it is entitled to judgment as a matter of law.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## **DISCUSSION**

Defendant concedes that Plaintiff performed its obligations under the contract but argues that it does not have to pay Plaintiff for its performance at this time for various reasons. Specifically, Defendant raises three distinct arguments in opposition to summary judgment: (1) the MSA is silent with regards to the time for payment; (2) the MSA was amended through an oral agreement, which conditioned payment on

revenue that Defendant earned from its oil leases; and (3) Defendant's payment obligations were suspended due to a *force majeure*. In the alternative, Defendant argues that this motion is premature, and it is entitled to take discovery pursuant to Rule 56(d). The Court shall address each of these arguments in turn.

### I. THE MSA IS NOT SILENT BECAUSE IT INCORPORATES THE ON-HIRE AGREEMENT BY REFERENCE

Defendant contends that the MSA is silent with regard to the time for payment. While this is technically true, the MSA also incorporates any work orders containing the details of any charter by reference. (Rec. Doc. 11-4 at p. 3). Article 2, Section 2.4 of the MSA specifies that, in the case of a conflict between a work order and the MSA, the terms of the MSA prevails. (*Id.*). Stated differently, if there is no conflict between the MSA and the work order, then the terms of the work order are binding.

The MSA specifies that maritime law applies to this contract with Louisiana law acting as a supplement. (Rec. Doc. 11-4 at p. 15). Louisiana is a four corners state, meaning that the intent of the parties to a contract must be determined exclusively by the words of the contract when they are clear and explicit and lead to no absurd consequences. La. Civ. Code art. 2046. The On-Hire Agreement unambiguously requires payment within 30 days after issuance of each invoice. (Rec. Doc. 11-3). There is nothing absurd about this requirement. Thus, the On-Hire Agreement's term for payments is controlling, and Defendant has failed to timely meet its payment obligation.

4

## II. THE TERMS OF PAYMENT WERE NOT MODIFIED BY ORAL AGREEMENT

Next, Defendant argues that the terms of payment were modified by oral agreement. Specifically, Defendant alleges that Wiley Conn and Beau Cheramie, principal of Plaintiff, came to an oral agreement that Defendant's payments would be paid out of the revenue derived from oil leases owned by Defendant. In support of this defense, Defendant attached the affidavit of Wiley Conn. (Rec. Doc. 13-1).

This defense also misses the mark. Article 10, Section 10.2 of the MSA requires that any amendment to the MSA be executed in writing. (Rec. Doc. 11-4 at p. 16). Accordingly, the alleged oral modification was formally insufficient to modify the terms of payment.

## III. THE MSA SPECIFICALLY WAIVES THE FORCE MAJEURE DEFENSE FOR FAILURE TO MEET PAYMENT OBLIGATIONS

Defendant also argues that its payment obligations were suspended due to *force majeure* events, specifically: (1) the COVID-19 pandemic; (2) the government's response thereto; (3) abnormal freezing due to extreme weather conditions; and (4) pipeline holes (presumably caused by the freezing). (Rec. Doc. 13 at p. 3-4). Article 10, Section 10.1 of the MSA explicitly waives the *force majeure* defense in the case of failure to make payments. (*Id.*). Therefore, this argument must also fail.

## IV. DISCOVERY WOULD NOT LEAD TO ADDITIONAL MATERIAL FACTS

Finally, Defendant argues that the Court should defer ruling on this motion in order to allow it to conduct discovery to support its defenses. Specifically, Defendant seeks to conduct additional discovery regarding the parties' intended payment schedule. (Rec. Doc. 13-2). As stated above, the On-Hire Agreement unambiguously

required Defendant to pay Plaintiff within thirty days of being invoiced. (Rec. Doc. 11-3). Further discovery on the issue of liability would be futile because it would not change the terms of the contract.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Summary Judgment* **(Rec. Doc. 11)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a motion for costs and attorney's fees along with a proposed final judgment within 21 days of the issuance of this order. Defendant shall file an opposition to said motion and proposed final judgment within 7 days of their filing.

New Orleans, Louisiana, this 13th day of August, 2021.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE