UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BJC CREWBOATS, LLC                                         CIVIL ACTION

VERSUS                                                     NO: 21-860

CREOLE OPERATING, LLC                                      SECTION: "J" (2)

### ORDER & REASONS

Before the Court are two motions filed by Plaintiff BJC Crewboats, LLC: *Motion to Set Attorney's Fees and Costs* **(Rec. Doc. 22)** and *Motion for Entry of Judgement* **(Rec. Doc. 23)**. Defendant Creole Operating, LLC has filed an Opposition to *Motion to Set Attorney's Fees and Costs* **(Rec. Doc. 24)** but does not oppose Plaintiff's *Motion for Entry of Judgment* **(Rec. Doc. 25)**. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the both motions should be **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

Plaintiff, BJC Crewboats, LLC, operates crew boats that service the oil and gas industry in the Gulf of Mexico. In August 2019, Plaintiff entered into a Master Service Agreement ("MSA") with Oil & Gas Operators, LLC, which was executed by Wiley Conn. (Rec. Doc. 11-4). In November 2020, Wiley Conn executed an assignment of the MSA from Oil & Gas Operators, LLC to Defendant, Creole Operating, LLC. (Rec. Doc. 13-3, at 1). In addition, Wiley Conn executed an On-Hire Agreement on behalf of Defendant. (Rec. Doc. 11-3).

1

Pursuant to these agreements, M/V MISS BRENDA was under time charter to Defendant for approximately 4½ months, commencing on November 30, 2020. (Rec. Doc. 11-1, at 3). On December 31, 2020, Plaintiff invoiced Defendant for the December charter hire, which Defendant paid. *Id.* However, Defendant has not paid the subsequent invoices issued by Plaintiff. *Id.*

In response to Defendant's failure to pay, Plaintiff filed suit, seeking the principal amount of the charter hire, contractual pre-judgment interest on that amount, as well as costs and attorney's fees incurred in connection with the filing of the suit. *Id.* at 4. Subsequently, Plaintiff filed a motion for summary judgment, arguing that there is no genuine issue of material fact, and thus, it is entitled to judgment as a matter of law. *Id.* at 1. The Court granted Plaintiff's motion for summary judgment and directed Plaintiff to file the instant motion for costs and attorney's fees along with a proposed final judgment. (Rec. Doc. 20).

## **LEGAL STANDARD**

After the court establishes that a fee award is due, a two-step process to then determine the amount of that fee award commences. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). First, the court must calculate the lodestar "by multiplying the number of hours reasonably spent on the litigation times a reasonable hourly billing rate." *Id.* (*citing Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). In calculating the lodestar, "the court should exclude all time that is excessive, duplicative, or inadequately documented." *Id.* Second, once the lodestar is determined, the court can adjust the fee upwards or downwards based upon the factors laid out in *Johnson v.*

*Georgia Highway Express, Inc*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).[1] When setting the fee award, it is important for the court to keep in mind that "[t]he essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

## DISCUSSION

### I. ATTORNEY'S FEES AND COSTS

Plaintiff contends it is entitled to attorney's fees and costs of $11,328.30 based upon 40.38 hours of work at varying hourly rates ($10, 872.40) and costs of $455.90. (Rec. Doc. 22-1). Plaintiff supports its contention with time reports. (Rec. Doc. 22-3). In opposition, Defendant argues that the number of hours Plaintiff expended on this litigation is excessive and duplicative (Rec. Doc. 24, at 2). However, Defendant does not object to the hourly rate used to calculate Plaintiff's attorney's fees. *Id.*

#### A. CALCULATING THE LODESTAR

The court must first determine if the amount of hours that Plaintiff expended on this litigation are reasonable. Notably, because Defendant does not dispute Plaintiff's hourly rate, only the reasonable amount of hours will be discussed. The

---

[1] There are twelve factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

party seeking the attorney's fees and costs bears the burden of demonstrating the reasonableness of the time billed through documentation. *See Hensley*, 461 U.S. at 437. Moreover, the prevailing party has the burden of executing billing judgment by excluding excessive, redundant, and unnecessary hours. *Id.* at 434. When the prevailing party does not execute billing judgment, the proper remedy is to reduce the hours awarded by a percentage. *See Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996)). Alternatively, the court can conduct a line-by-line analysis of the time report. *See Green v. Admin. Of the Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002), *overruled on other grounds by Bosarge v. Cheramie Marine, LLC*, 675 Fed. App'x 417 (5th Cir. 2017). Here, Plaintiff avers that Mr. Bohman billed 31.90 hours; Mr. Morse billed 4.30 hours; and Ms. Fowlkes billed 4.18 hours. (Rec. Doc. 22-4). After a line by line analysis of the time report, the Court is concerned solely with Mr. Bohman's use of block billing.

Block Billing is a "time-keeping method by which an attorney lumps together the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Canon U.S.A., Inc. v. S.A.M., Inc.*, No. 07–1201, 2009 WL 35334, at *4 (E.D. La. Jan. 6, 2009) (citing *Robinson v. City of Edmond*, 160 F.3d 1275, 1283, n. 9 (10th Cir. 1998)). Courts often reduce the amount of hours awarded by 20% when block billing is presented. *See, e.g.*, *Mr. Mudbug, Inc. v. Bloomin' Brands, Inc.*, No. 15-5265, 2017 WL 736044, at *3 (E.D. La. Feb. 24, 2017). Here, after a review of the

time report, Mr. Bohman block billed 9.3 hours.[2] Thus, the Court will reduce Mr. Bohman's reasonable hours by 1.86 hours.

### B. THE *JOHNSON* FACTORS

The Court will now consider the *Johnson* factors to determine if the lodestar should be adjusted up or down. Many of the *Johnson* factors are contained in the lodestar calculations, and, as such, should not be double counted. Moreover, "the Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for enhancement purposes, and accordingly, the Fifth Circuit has held that '[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts.'" *Wells Fargo Equip. Fin., Inc. v. Beaver Const., LLC*, No. CIV. 6:10-0386, 2011 WL 5525999, at *3 (W.D. La. Oct. 18, 2011), *report and recommendation adopted*, No. CIV. 6:10-0386, 2011 WL 5546924 (W.D. La. Nov. 10, 2011) (*citing Walker v. U.S. Dep't of Hous. and Urb. Dev.*, 99 F.3d 761, 771–72 (5th Cir.1996)). After a careful review of the *Johnson* factors, the Court finds that no adjustment to the lodestar is warranted.

---

[2] 04/26/2021 "Telephone conference with Beau Cheramie re: Issues concerning single business enterprise and commingling of payments; Review of draft complaint for factual accuracy." (0.40); 07/22/2021 "Review of file; Review of various emails from Beau Cheramie and Ray Reeves; Email status report to both." (0.20); 07/22/2021 "Preparation of Notice of Submission; Review of dates in connection with same." (0.30); 07/23/2021 "Review of file and invoicing; Initial drafting of Affidavit for attachment to Motion for Summary Judgment for BJC review prior to execution." (1.10); 07/26/2021 "Revisions to affidavit and SUMF to reflect updated amounts; Final revisions and drafts to Motion, Memo and SUMF in advance of filing; Email to BJC re: Meeting to review and confirm accuracy of affidavit prior to filing." (1.40); 07/27/2021 "Meeting with Beau Cheramie to review pleadings and execute affidavit; Review of email from Beau with proposed comments for incorporation." (1.80); 8/04/2021 "Initial review of opposition filed by Creole Operating; Review of affidavits in support including that of attorney Cameron Robichaux; Brief legal research re: same in preparation for Reply and Motion to Strike." (2.20); 08/06/2021 "Legal Research on Sufficiency of Affidavit of Counsel; Drafting and filing of Objection to Same (Rec. Doc. 13-2) via CM/ECF." (1.90).

## II. ENTRY OF FINAL JUDGMENT

Plaintiff composed a Proposed Judgment (Rec. Doc. 23-2) to which Defendant has no substantive objections (Rec. Doc. 25).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Attorney's Fees and Costs* **(Rec. Doc. 22)** and *Motion for Entry of Final Judgement* **(Rec. Doc. 23)** are **GRANTED**.

**IT IS FURTHER ORDERED** that Creole Operating, LLC owes BJC Crewboats, LLC reasonable costs and attorney's fees incurred in the amount of $10,333.00 in attorney fees and $455.90 in costs for a total of $10,788.90.

New Orleans, Louisiana, this 24th day of September, 2021.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE